108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garland F. HARE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5098.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1997.
 
 Before NEWMAN, PLAGER, and RADER, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 Garland F. Hare appeals the decision of the United States Court of Federal Claims dismissing his complaint for failure to state a claim upon which relief can be granted.[1] We affirm the court's decision.
 
 
 2
 Appellant seeks military retirement based upon his service in the United States Air Force. Retirement is available pursuant to 10 U.S.C. § 8914 for enlisted members who have at least twenty years of service "computed under section 8925 of this title...." At issue is whether a sufficient period of Appellant's incarceration can be counted toward the twenty year minimum requirement for retirement. The Court of Federal Claims held that it can not.
 
 
 3
 Appellant entered the Air Force on June 14, 1974. He was incarcerated on June 19, 1992, sentenced by court martial to a sentence of eight years, and upon completion of the appeal process to the Air Force Court of Military Review and the United States Court of Military Appeals he was dishonorably discharged. His incarceration began when he had eighteen years of service. His dishonorable discharge was effective on November 30, 1994, more than twenty years after his entry.
 
 
 4
 Although all periods of service are combined to determine whether a member has served for the requisite twenty years, certain periods of time are deemed "lost time" and are not credited unless subsequently made up:
 
 
 5
 (a) For the purpose of determining whether an enlisted member of the Air Force may be retired under section 8914 or 8917 of this title, his years of service are computed by adding all active service in the armed forces.
 
 
 6
 (b) Time required to be made up under section 972 of this title may not be counted in computing years of service under subsection (a).
 
 
 7
 10 U.S.C. § 8925 (1994). Time spent in confinement, absent an acquittal or successful appeal, is not credited toward retirement:
 
 
 8
 Enlisted members required to make up time lost.--An enlisted member of an armed force who--
 
 
 9
 * * *
 
 
 10
 (3) is confined for more than one day while awaiting trial and disposition of his case, and whose conviction has become final;
 
 
 11
 (4) is confined for more than one day under a sentence that has become final; or
 
 
 12
 * * *
 
 
 13
 is liable, after his return to full duty, to serve for a period that, when added to the period that he served before his absence from duty, amounts to the term for which he was enlisted or inducted.
 
 
 14
 10 U.S.C. § 972. Appellant does not dispute that he meets these criteria. Thus the full period of his confinement is excluded for retirement purposes. Mr. Hare is incorrect in arguing that only confinement after decision of his final appeal should be computed as "lost time," i.e., deducted from the total time from entry to discharge. He offers no authority for this interpretation of the statute, and we have found none. Both § 972(a)(3) and (a)(4) alternative criteria require that the conviction have become final, in which event the period of incarceration must be made up for retirement purposes.
 
 
 
 [1]
 Hare v. United States, No. 95-642 C (Fed. Cl. April 19, 1996)